WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Shawmaine Eustace Ardell Moore,<br><br>Defendant. | CR-18-01695-003-TUC-JAS (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Moore's Motion for Relief from Prejudicial Joinder Pursuant to Fed. R. Crim. P. 14. (Doc. 1616.) For the reasons that follow, the Court recommends that the motion be denied.

## FACTUAL BACKGROUND

On April 6, 2022, a federal grand jury sitting in Tucson, Arizona returned a Third Superseding Indictment against defendant Moore and eighteen other individuals. The charged offenses pertain to an alleged criminal enterprise operated by a gang known as the Western Hills Bloods ("WHB"). Count One charges Moore and certain co-defendants with participating in a RICO conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a), the objects of which are: (a) acts involving murder (18 U.S.C. §§ 1959(b)(1) and 1961(1)); (b) offenses involving drug trafficking (21 U.S.C. §§ 846 and 841); and (c) acts involving the obstruction of justice (18 U.S.C. § 1512). Count Two charges Moore and certain co-defendants with Violent Crime in Aid of Racketeering – Conspiracy to Commit Murder, in violation of 18 U.S.C. § 1959(a)(5). Count Three charges Moore and certain co-defendants with Violent Crime in Aid of Racketeering – Murder, in violation of 18 U.S.C.

§§ 1959(a)(1) and 2. Count Four charges Moore and certain co-defendants with Use of a Firearm During and in Relation to a Crime of Violence Resulting in Death, in violation of 18 U.S.C. §§ 924(j), 924(c)(1)(A)(i), (ii), (iii), and 2.

On November 24, 2021, Moore and co-defendant Rakestraw filed a Motion to Sever seeking alternative relief: (1) a severance of drug and other firearm counts alleged only against co-defendants M. Williams and Monteen; or (2) a severance of their trial from the trial of co-defendants M. Williams and Monteen.[1] Stated another way, Moore and Rakestraw wanted their trial to only involve the counts in which they are charged (Counts One through Four), regardless of whether that trial includes Williams and Monteen. Moore and Rakestraw argued that either a severance of counts or co-defendants was warranted for two reasons: (1) the offenses at issue were improperly joined under Federal Rule of Criminal Procedure 8(a); or (2) if the offenses were properly joined, a severance is warranted because of prejudicial "spill-over" evidence related to the drug and other firearm offenses charged only against M. Williams and Monteen.

In a Report and Recommendation dated February 14, 2022, this Court recommended that the District Court deny the Motion to Sever. The District Court adopted the Report and Recommendation in an Order dated April 15, 2022, and denied the Motion to Sever.

The defendant filed the instant motion on May 9, 2022. Although the caption of the motion refers to "prejudicial joinder," the relief sought in the motion is a severance of the defendant's trial from the trial of co-defendants M. Williams and Rakestraw. The basis alleged for the severance motion is that the admission at trial of rap songs and videos made by M. Williams and Rakestraw will prejudice Moore because he did not appear in the videos and was not involved in the production of the songs and videos.

The government first asserts that Moore raised nearly identical claims of prejudice in his prior severance motion which were rejected by the District Court. As such, the government argues that the "law of the case doctrine" precludes the Court from reconsidering this issue that has already been decided. Even if the "law of the case

---

[1] At the time, Moore, M. Williams, Rakestraw and Monteen were in Trial Group Four. Monteen was removed from that trial group when she was appointed new counsel.

doctrine" does not apply to the instant motion, the government argues that the joinder of defendants Moore, M. Williams, and Rakestraw was proper. The government also argues that the defendant cannot demonstrate prejudice that warrants a severance. In support of its argument that joinder was proper and prejudice cannot be shown, the government maintains that the rap songs and videos would be admissible against the defendant to prove the RICO conspiracy even if he were tried alone. Specifically, the lyrics of the songs identify Moore as a member of the Western Hills Bloods, and Moore has many of the same tattoos as other defendants depicted in the videos who are charged in the RICO conspiracy.

## **DISCUSSION**

Federal Rule of Criminal Procedure 14 provides that even when defendants and/or counts are properly joined under Rule 8, a severance may be appropriate to avert prejudice to a defendant. "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).[2]  That is because there is a preference in the federal system for joint trials of defendants that are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). In fact, when defendants are charged with a conspiracy, a joint trial is particularly appropriate because concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants since much of the same evidence would be admissible against each defendant in separate trials. *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005).

A defendant carries the heavy burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial. *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981). To meet that burden, "the defendant [must] show 'clear,'

---

[2] While the government addresses why joinder of these defendants was proper, the defendant's argument is focused only on whether a severance is warranted under Fed. R. Crim. P. Rule 14. Indeed, the defendant does not even cite to Fed. R. Crim. P. 8 which governs joinder of offenses and defendants. For that reason, the Court need not address again whether joinder of defendants is proper. Even if the Court were to address that issue, the government is correct that the "law of the case doctrine" precludes the defendant from raising the propriety of joinder of defendants.

'manifest,' or 'undue' prejudice from a joint trial," *United States v. Polizzi*, 801 F.2d 1543, 1553–54 (9th Cir. 1986), and must demonstrate the jury's inability to distinguish the evidence relevant to each defendant and even if a defendant is able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials. *United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988).

In determining the prejudicial effect of a joint trial, a court must consider: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether defendants can show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Fernandez*, 388 F.3d at 1242. Prejudice must be of such magnitude that a defendant is denied a fair trial. *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986). In assessing whether joinder is prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized. *Vasquez-Velasco*, 15 F.3d at 846.

The defendant's argument that he is prejudiced by the admission of the rap videos because he is not depicted in the videos is puzzling. The government's theory is that the rap songs and videos contain incriminating evidence with respect to a murder, other acts of violence, and drug charges. Specifically, the songs and videos reference the planning of the murder of F.D., threats made to F.D., boasting about the murder of F.D., the hatred of the Freestones (a rival gang), and drug dealing by Western Hills gang members. Michael Williams and Rakestraw perform the rap songs and the videos depict these two defendants, as well as co-defendants David Williams, Marcell Gray, Mark Holguin, and Labarr Martinez.

In this Court's view, the fact that Moore neither performs the rap songs nor is depicted in the rap videos, both of which contain this damning evidence, actually helps his

defense. Defense counsel can point out during testimony and emphasize to the jury that Moore never sang rap songs that contain references to planning a murder, the murder itself, other violent acts, and drug dealing; and he never appeared in the rap videos whose songs referenced these same subject matters. This argument becomes even more powerful when the two defendants who performed the songs and appeared in the videos (M. Williams and Rakestraw) are sitting next to Moore at trial.[3] Stated another way, the admission of the rap songs and videos allows Moore to (literally) point the finger at M. Williams and Rakestraw as the perpetrators of the charged offenses discussed in detail in their rap songs. Thus, the admission of the songs and videos do not prejudice Moore, but rather, undercuts the government's theory that Moore was part of the Western Hills Bloods and/or participated in the charged offenses. Accordingly, a severance of the defendant's trial is not necessary.

## **CONCLUSION**

For the reasons detailed above, the Court recommends that the District Court deny the instant motion.

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If any objections are filed, this action should be designated case number: **CR 18-01695-TUC-JAS**. Failure to timely file objections to any factual or legal determination of the

---

[3] The Court notes that a rap song performed in 2016 contains the lyric "Free Sly," and a rap video performed in 2018 has the phrase "Free Sly Bone" written on the backboard of a basketball hoop. "Sly" and "Sly Bone" are allegedly Moore's nicknames. These references in the song and video relate to the fact that Moore was incarcerated at the time the song and video were recorded. Moore was arrested on or about June 27, 2015, on a state firearms offense and remained in custody pending trial. Moore was convicted of that offense and remained in state custody serving his sentence during the time in which all other subsequent overt acts (including the rap songs and videos) and offenses were allegedly committed. The jury will surely learn of Moore's nicknames and will be able to easily deduce that the references to "Free Sly" and "Free Sly Bone" means that the defendant was in prison. That deduction will result in prejudice to the defendant. But that prejudice can be dealt with a remedy less drastic than a severance. For instance, the "Free Sly" lyric can be "bleeped out" like radio stations do with curse words. And the "Free Sly Bone" reference in the video can be electronically removed or covered.

Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 31st day of May, 2022.

_____
Eric J. Markovich
United States Magistrate Judge